UNITED STATES DISTRICT COURT
SOUTHERN OF NEW YORK
------------------------------------------------------------X
JANE DOE,                                                    **COMPLAINT**

                       Plaintiff,        Plaintiff Demands
  -against-                            **TRIAL BY JURY**

THE CITY OF NEW YORK, SEALED
DEFENDANT ONE, AND
SEALED DEFENDANT TWO ,

                       Defendants.
------------------------------------------------------------X

Plaintiff by her attorneys, DeTOFFOL & GITTLEMAN, Attorneys at Law, upon information and belief, complains of the Defendants herein, alleging at all relevant and materials times and upon information and belief, as follows:

### Nature of The Case

1.     Plaintiff complains against Defendants pursuant to the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law under NYS Executive Law §296 et. seq. ("NYSHRL"), the New York City Human Rights Laws ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of disability discrimination, domestic violence victim discrimination, hostile work environment, and retaliation.

### Jurisdiction & Venue

2.     At all times relevant hereto, Defendant THE CITY OF NEW YORK ("NYC") was, and still is, a municipal entity, duly chartered, organized and existing pursuant to the laws of the State of New York.

3. At all times relevant hereto, Defendant SEALED DEFENDANT ONE was, and still is, a municipal entity, duly chartered, organized and existing pursuant to the laws of the State of New York.

4. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendant SEALED DEFENDANT TWO ▇▇▇▇ ▇▇▇▇▇▇ serving the communities ▇▇▇▇▇▇▇▇▇▇▇▇ in ▇▇▇▇.

5. Plaintiff JANE DOE ("Ms. JANE DOE" or "Plaintiff") is a female individual.

6. This venue is proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division where a substantial part of the events or omissions giving rise to the claims occurred.

7. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act of 1990 and the New York State and New York City Human Rights Laws.

8. Defendants were at all times mentioned herein an employer within the meaning of the Americans with Disabilities Act (ADA).

9. The Court, pursuant to *Gibb*, 38 U.S. 715 (1966), has supplemental jurisdiction over the Counts based on laws of the State of New York.

10. There was a direct employer-employee relationship between Plaintiff and Defendants, in which the Defendants hired the Plaintiff and provided her with a wage for her work.

11. The nature of the position Ms. JANE DOE was hired for—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇— includes duties that are centered on operations in the ▇▇▇▇ within New York County, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

12. Plaintiff received a Right to Sue Letter from the federal Equal Employment Opportunity Commission, and this Complaint has been filed within 90 days of receipt of the aforementioned permission letter [*Right to Sue Letter Annexed hereto*].

## **DISCRIMINATION AND WRONGFULL TERMINATION**

13. On or about September 2022, Defendants hired Plaintiff as an employee.

14. During her interview and employment with Defendants, Ms. JANE DOE had a Domestic Violence (DV) Safety Plan in place.

15. A DV Safety Plan is a personalized plan designed to improve the safety of those who are experiencing domestic violence, whether they are still in the relationship, planning to leave, or have already left, and usually involves a comprehensive strategy that takes into account the specific circumstances and threats faced by the victim to help them reduce their risk of harm.

16. As a consequence of her experiences as a domestic violence victim, Ms. JANE DOE endures severe anxiety, debilitating panic attacks, severe headaches, and severe acid reflux that impairs her ability to breathe and eat properly, and while these symptoms were often managed and under control before her employment with Defendants, they are susceptible to being triggered by stress related to her history as a domestic violence victim.

17. Defendants hired JANE DOE for the position role of ███████████████████ ███████████

18. During Ms. JANE DOE's interview for the position of ███████████████████ ███████████, the Defendants explicitly assured Ms. JANE DOE that the position would not necessitate her presence at the Brooklyn ███████ Office and that the position was based out of ███████████████

19. The DV Safety Plan, in place before JANE DOE's employment, included a rule that Ms. JANE DOE not go to specific locations in the interest of her safety, and these locations included the area where the ▮ office was located.

20. Both ▮ Defendant SEALED DEFENDANT TWO and Defendants' Compliance Officer were aware from the onset of JANE DOE's employment that she would not be able to work in the Brooklyn ▮ office and that she belonged to the protected class of domestic violence victim. The nature of the position JANE DOE was hired for—▮—involve duties that are centered around operations ▮ within New York County, rather than requiring attendance at any ▮ Office.

21. On or about September of 2022, during the week before Ms. JANE DOE's first day at work, Defendant SEALED DEFENDANT TWO demanded that Ms. JANE DOE attend the Brooklyn ▮ Office for the first three days of her onboarding and staff introductions.

22. In response to SEALED DEFENDANT TWO 's demand that Ms. JANE DOE participate in onboarding at the Brooklyn ▮ Office, Ms. JANE DOE reiterated to SEALED DEFENDANT TWO her inability to work from the Brooklyn ▮ Office because of her DV Status as it would put her in danger but instead of accommodating Ms. JANE DOE, Defendant SEALED DEFENDANT TWO dismissively responded, "you have no choice."

23. When Ms. JANE DOE complained to Defendant SEALED DEFENDANT TWO 's ▮ the ▮ ▮ informed Ms. JANE DOE that if she did not go to the Brooklyn ▮ Office for the onboarding, SEALED DEFENDANT TWO may terminate her.

24. Despite JANE DOE's initial resistance and facing the threat of termination from the ▮, Ms. JANE DOE had no choice but to attend the Brooklyn ▮ Office for the first three days of her onboarding.

4

25. Following the initial onboarding, on an approximately weekly basis, Defendant SEALED DEFENDANT TWO persistently demanded that JANE DOE attend the Brooklyn ▮▮▮ Office for a variety of reasons, seemingly oblivious to the numerous occasions Ms. JANE DOE had explained to her that her Domestic Violence (DV) Status precluded her from doing so.

26. After each of Defendant SEALED DEFENDANT TWO 's demands that Ms. JANE DOE go to the Brooklyn Office, Ms. JANE DOE reiterated her inability to comply, and SEALED DEFENDANT TWO would subject her to a barrage of insults and threats. On multiple occasions, in response to JANE DOE's objection to working in the Brooklyn office, SEALED DEFENDANT TWO responded, "I guess you don't want your job."

27. The demand that Ms. JANE DOE go to the Brooklyn ▮▮▮ Office and the harassment by the ▮▮▮▮▮▮▮ triggered Ms. JANE DOE's pre-existing conditions of severe acid reflux, severe anxiety, severe headaches, and panic attacks – conditions caused by her experience of domestic violence background and now triggered by ▮▮▮▮▮▮▮ harassment and demand that Ms. JANE DOE work at the Brooklyn Office.

28. Harassment included playing mind games, such as alluding to an unfinished task that must be completed by a certain deadline or face termination – without providing any details about the task – SEALED DEFENDANT TWO knowingly and purposely induced anxiety in Ms. JANE DOE.

29. Harassment included SEALED DEFENDANT TWO intentionally calling JANE DOE during her lunch breaks with the explicit intent to disrupt her break time.

30. In or about November of 2022, JANE DOE disclosed her severe anxiety, debilitating panic attacks, severe headaches, and severe acid reflux that impairs her ability to breathe and eat properly and related symptoms to the Defendants' Human Resources Department and the

Defendants' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with the Compliance Attorney, requested again that she not be ordered to work in the Brooklyn Office, and further clarified that her pre-existing conditions were not only consequences of her experience with domestic violence but were being triggered by SEALED DEFENDANT TWO 's insistence that Ms. JANE DOE work in the Brooklyn ▓▓▓▓ Office.

31. Ms. JANE DOE repeated her accommodation request in December 2022 to Defendants' Human Resource Department.

32. Despite this report and request, Defendants failed to address the harassment stemming from JANE DOE's domestic violence victim status.

33. On or about April 2023, JANE DOE again requested accommodations for her Domestic Violence status-connected disabilities to the Defendants' Equal Employment Opportunity Office by written form – specifically, she requested a specific lunch accommodation meant to alleviate the anxiety-triggered acid reflux. The request expressly indicated that the basis of the accommodation was related to her DV status.

34. Alongside her request for disability accommodation, JANE DOE also voiced her concerns about feeling targeted by the ▓▓▓▓▓▓▓▓ for not being able to work in the Brooklyn ▓▓▓▓ Office.

35. On or about April 2023, in retaliation, Defendant SEALED DEFENDANT TWO intensified the harassment and increased how often she demanded JANE DOE's presence in the Brooklyn ▓▓▓▓ Office, which still conflicted with Plaintiff's DV Safety Plan.

36. On or about April 2023, Defendant SEALED DEFENDANT TWO further retaliated against JANE DOE's request by unnecessarily disclosing Plaintiff's domestic violence victim status to multiple Defendants' staff members and even individuals outside the office, individuals

in the general public. This deliberate dissemination of confidential information, revealing that Plaintiff belongs to a protected class, constitutes further and intentional retaliation by the Defendants.

37. Before JANE DOE requested an accommodation in writing, ▇▇▇▇ frequently demanded her presence at the Brooklyn ▇▇ Office, but typically, after Ms. JANE DOE objected based on her DV Status and safety, SEALED DEFENDANT TWO's ▇▇ ▇▇ would create workarounds so that Ms. JANE DOE did not end up going to the Brooklyn Office. However, following JANE DOE's written request for accommodation related to her lunch breaks, the ▇▇▇▇ explicitly informed JANE DOE and the Defendants' HR department that working from the Brooklyn ▇▇ Office was now a mandatory daily requirement for Plaintiff's position, which SEALED DEFENDANT TWO had unilaterally redefined as ▇▇▇▇, a demotion from her hired position.

38. In retaliation, Defendant SEALED DEFENDANT TWO responded to JANE DOE's written accommodation request by demoting Ms JANE DOE to the position of ▇▇▇▇. This demotion necessitated her presence in the Brooklyn ▇▇ Office, deliberately creating a conflict with her Domestic Violence (DV) Safety Plan.

39. On or about September 2023, Ms. JANE DOE again submitted a request to the Defendants' EEO office for an accommodation, grounded in her DV status, specifically to permit her to abstain from working at the Brooklyn ▇▇ office. This request was made to ensure compliance with her DV Safety Plan, keep her safe, and mitigate the debilitating symptoms triggered by the stress associated with the violation of her DV Plan by being compelled to work in the Brooklyn office.

40. On or about September 22, 2023, a meeting took place with the ███ office to discuss the accommodation request of precluding Brooklyn Office attendance, but Defendants ultimately denied JANE DOE's request for accommodation.

41. Refusing Ms. JANE DOE's accommodation request constituted an unlawful denial of a reasonable accommodation.

42. Ms. JANE DOE was compelled to resign following the denial of her accommodation request, as continuing her employment under the conditions newly mandated by the Defendants would violate her Domestic Violence (DV) Safety Plan, trigger her severe symptoms, and create a safety risk.

43. The requirement to work in the Brooklyn Office, against her explicit request for accommodation based on her DV status and disability, left Ms. JANE DOE no viable option but to resign to protect her health and safety.

44. In denying Ms. JANE DOE's request for accommodation and providing no sufficient alternative, the Defendants were fully aware that such a refusal would leave Ms. JANE DOE with no choice but to resign, given her inability to work in the Brooklyn Office—therefore, constructively terminating Plaintiff.

45. The Defendants' decision to deny the accommodation was made with the deliberate intent of precipitating Ms. JANE DOE's resignation.

46. The actions and omissions of the Defendants, in failing to protect Ms. JANE DOE's identity as a domestic violence victim, especially in the context of her employment and her accommodation request, constitute a direct violation of the Violence Against Women Act. By not adequately safeguarding her information and by actions that indirectly led to the disclosure of her status, which exacerbated her vulnerability and the hostile work environment she

experienced, the Defendants have failed in their legal and moral obligation to uphold the protections, thereby causing further harm and distress to Ms. JANE DOE.

47. Plaintiff has suffered and continues to suffer economic and emotional distress, depression humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

48. Defendants' acts and omissions caused Plaintiff to feel emotionally and physically violated and agitated, for Defendants' unfair and different treatment of them apart from other employees.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, non-pecuniary losses, as well as pecuniary losses.

50. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands a punitive damage assessment against Defendant.

51. As a result of Defendants' willful, knowing and intentional discrimination and retaliation, plaintiff sustained substantial losses in employment benefits/lost wages and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

52. In sum, Plaintiff seeks damages for emotional distress, attorneys' fees, and punitive damages.

**FIRST CAUSE OF ACTION: DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (ADA) AGAINST THE CITY OF NEW YORK AND SEALED DEFENDANT ONE**

53. Plaintiff repeats and realleges each and every allegation made in the above.

54. The Americans With Disabilities Act 42 U.S.C. § 12112 et seq. ("ADA") provides that: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment"

55. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8).

56. By their actions and omissions, Defendants have violated the provisions of the ADA as cited herein, discriminating against Plaintiff because of her disability.

### SECOND CAUSE OF ACTION: FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT (ADA) AGAINST THE CITY OF NEW YORK AND SEALED DEFENDANT ONE

57. Plaintiff repeats and realleges each and every allegation made in the above.

58. The ADA requires employers to grant reasonable accommodations to their disabled employees.

59. Defendants failed to accommodate Plaintiff.

60. The Defendants failed to provide reasonable accommodation for the Plaintiff's disability, thereby breaching the Americans with Disabilities Act (ADA), New York State Human Rights Law, and New York City Human Rights Law.

### THIRD CAUSE OF ACTION: RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT (ADA) AGAINST THE CITY OF NEW YORK AND SEALED DEFENDANT ONE

61. Plaintiff repeats and realleges each and every allegation made in the above.

62. Plaintiff was subject to retaliation in that she was denied terms and conditions of employment; and was discharged by defendants in violation of the ADA.

**FOURTH CAUSE OF ACTION: DISCRIMINATION AND HOSTILE WORK ENVIRONMENT UNDER NEW YORK STATE EXECUTIVE LAW AGAINST ALL DEFENDANTS**

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. Executive Law § 296 provides that:"1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

65. Defendants' actions and omissions have created a hostile work environment for the Plaintiff. This environment is characterized by severe or pervasive harassment, enough to alter the conditions of Plaintiff's employment and create an abusive working environment.

66. Defendants' violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her disability.

67. Plaintiff hereby makes this claim against Defendants under all of the applicable paragraphs of Executive Law § 296.

68. New York State Executive Law §296(7) provides that it shall be an unlawful: For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article.

69. Defendants violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

**FIFTH CAUSE OF ACTION: RETALIATION UNDER NEW YORK STATE EXECUTIVE LAW AGAINST ALL DEFENDANTS**

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for protected activity.

**SIXTH CAUSE OF ACTION: FAILURE TO ACCOMMODATE UNDER NEW YORK STATE EXECUTIVE LAW AGAINST THE CITY OF NEW YORK AND SEALED DEFENDANT ONE**

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. New York State Executive Law §296 provides: "Where an employee has a physical or mental disability resulting from an incident or series of incidents of domestic violence, such employee shall be treated in the same manner as an employee with any other disability, pursuant to the provisions of this section which provide that discrimination and refusal to provide reasonable accommodation of disability are unlawful discriminatory practices."

74. New York State Executive Law §296 provides: "To the extent allowed by law, employers shall maintain the confidentiality of any information regarding an employee's status as a victim of domestic violence."

75. The Defendants failed to provide reasonable accommodation for the Plaintiff's disability,

thereby breaching the Americans with Disabilities Act (ADA), New York State Human Rights Law, and New York City Human Rights Law.

76. New York State Executive Law §296 provides: "Where an employee has a physical or mental disability resulting from an incident or series of incidents of domestic violence, such employee shall be treated in the same manner as an employee with any other disability, pursuant to the provisions of this section which provide that discrimination and refusal to provide reasonable accommodation of disability are unlawful discriminatory practices."

77. New York State Executive Law §296 provides: "To the extent allowed by law, employers shall maintain the confidentiality of any information regarding an employee's status as a victim of domestic violence."

78. New York State Executive Law §296(7) provides that it shall be an unlawful: For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article.

79. Defendants violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

80. Defendants violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by failing to accommodate Plaintiff.

**SEVENTH CAUSE OF ACTION: AIDING & ABETTING DISABILITY DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW AGAINST ALL DEFENDANTS**

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

82. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

83. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**EIGHTH CAUSE OF ACTION: DISABILITY DISCRIMINATION UNDER NEW YORK CITY HUMAN RIGHTS LAW (NYCHRL) AGAINST ALL DEFENDANTS**

84. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. The New York City Administrative Code Title 8, §8-107(l)(e) provides that it shall be unlawful discriminatory practice: "For an employer... to discharge ... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

86. Defendants' actions and omissions have created a hostile work environment for the Plaintiff. This environment is characterized by severe or pervasive harassment, enough to alter the conditions of Plaintiff's employment and create an abusive working environment.

**NINTH CAUSE OF ACTION: RETALIATION UNDER NEW YORK CITY HUMAN RIGHTS LAW (NYCHRL) AGAINST ALL DEFENDANTS**

87. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

88. Defendants violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against the Plaintiff because

of Plaintiff's accommodation request and protected activity.

## TENTH CAUSE OF ACTION: AIDING AND ABETTING DISCRIMINATION UNDER NEW YORK CITY HUMAN RIGHTS LAW (NYCHRL) AGAINST ALL DEFENDANTS

89. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

90. The NYCHRL, under N.Y.C. Admin. Code § 8-107(6), prohibits aiding and abetting discriminatory practices, including discrimination and retaliation against individuals with disabilities or those who request accommodations for their disabilities.

91. Defendants engaged in an unlawful discriminatory practice in violation of N.Y.C. Admin. Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## Relief Sought

WHEREFORE, Plaintiff respectfully demands against Defendants on each and every respective Count:

(a) An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for lost past back pay and future front pay wages and attendant benefits;

(b) An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to past and future non-economic damages for Plaintiff's physical pain and emotional distress suffering sustained;

(c) An award to Plaintiff of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law;

(d) An award of punitive damages in an amount to be determined at trial; and

(e) Such other and further relief as this Court deems necessary and proper.

## **Jury Demand**

Plaintiff requests a jury trial on all issues to be tried.

Dated: April 12, 2024

_____

Joshua Gittleman, Esq.
DeTOFFOL & GITTLEMAN, Attorneys at Law
125 Maiden Lane – Suite 5C
New York, New York 10038
Tel. (212) 962-2220
Attorneys for Plaintiff