UNITED STATES DISTRICT COURT
SOUTHERN OF NEW YORK
-------------------------------------------------------------X
JANE DOE,                                                                      Case No. 1:24-cv-03133-GHW

                              Plaintiff,
   -against-

THE CITY OF NEW YORK,
SEALED DEFENDANT ONE, AND
SEALED DEFENDANT TWO,

                              Defendants.
-------------------------------------------------------------X


**PLAINTIFF'S MEMO OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL THE CASE (Filed Under Seal)**


DeTOFFOL & GITTLEMAN, Attorneys at Law
125 Maiden Lane – Suite 5C
New York, New York  10038
Tel. (212) 962-2220
Attorneys for Plaintiff

1

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Plaintiff's motion for an order: (1) sealing the entire case pursuant to this Court's discretion and allowing the Docket in this lawsuit to remain sealed indefinably; and (2) for such other and further relieve as this Court deems necessary. The Plaintiff's request is driven by the imperative to safeguard her from further harm and undue distress, which would be inevitable should the lawsuit's docketed files be publicly available.

This case involves Plaintiff Jane Doe's claims against the City of New York and two sealed defendants for violations of the Americans with Disabilities Act (ADA), the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL). The Plaintiff alleges that she experienced disability discrimination, discrimination as a domestic violence victim, a hostile work environment, and retaliation. The Complaint details instances where the Defendants failed to accommodate Plaintiff's disability and domestic violence safety plan, subjected her to severe harassment, and unreasonably disclosed her status as a domestic violence victim, resulting in significant emotional and psychological harm. Plaintiff seeks damages to redress these injuries and requests the sealing of the entire case to protect her privacy and safety due to the sensitive nature of the allegations.

If this case is not permitted to be filed completely under seal, there is a substantial risk of further harm to Ms. Doe by exposing sensitive details to the public, mirroring the very violations at the lawsuit's core—where the Defendants are accused of, among other things, improperly disseminating Ms. Doe's domestic violence status. Therefore, to prevent exacerbating the initial breaches of Ms. Doe's privacy and safety, the requested protections are not just warranted but necessary.

It is also noteworthy that the New York Supreme Court has previously recognized the sensitivity associated with public disclosures of a plaintiff's status as a victim of domestic violence in previous proceedings involving Ms. Doe and has exercised its discretion to seal said proceedings.

A non-redacted version of the Complaint, containing real names instead of pseudonyms, has been physically filed with the Court. This filing includes all pertinent details without any redactions, as required for the Court's review and record.

**Exhibit 1**, attached hereto, is the proposed Order, sealing the entire case.

**Exhibit 2**, attached hereto, is the New York State Supreme Court Sealing Order from another matter.

**ARGUMENT**

I.   **Relevant Underlying Discrimination Protections**

NYS Executive Law § 296 provides that:"1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

New York State Executive Law §296 provides: "Where an employee has a physical or mental disability resulting from an incident or series of incidents of domestic violence, such employee shall be treated in the same manner as an employee with any other disability, pursuant to the provisions of this section which provide that discrimination and refusal to provide reasonable accommodation of disability are unlawful discriminatory practices." (§ 296 [22] [c] [1]); (d) To the extent allowed by law, employers

shall maintain the confidentiality of any information regarding an employee's status as a victim of domestic violence.

Workplace Violence Prevention Act (WVPA) provides general mechanism for, inter alia, evaluating risk of workplace violence and creating employer plans to address it, whereas Public Employee Safety and Health Act (PESHA), on the other hand, imposes affirmative obligation on employers to provide workplace free from recognized hazards that are causing or likely to cause death or serious physical injury, and with reasonable and adequate protection to employees' lives, safety and health; thus, the two statutes are not inconsistent and can both be given effect when they stand together. City of New York v. Comm'r of Lab., 44 Misc. 3d 612, 991 N.Y.S.2d 832 (Sup. Ct. 2014).

## II. <u>Sealing The Entire Case and Docket</u>

Both the common law and the First Amendment protect the public's right of access to court documents. See Nixon v. Warner Comms., Inc., 435 U.S. 589, 597-98 (1978); Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004). This right of access is not absolute, however, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon, 435 U.S. at 598-99. A party seeking the sealing of court documents must overcome a strong presumption in favor of public access to judicial records. See Lugosch v. Pyramid Co., 435 F.3d 110, 119 (2d Cir. 2006); United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) see also Taylor v. Children's Vill., No. 20-CV-10997 (LLS), 2021 WL 467128, at *3 (S.D.N.Y. Feb. 8, 2021). Having found a qualified right to access these documents, the Court may only seal these documents if the Court makes specific findings demonstrating that closure is essential to preserve higher values and is narrowly tailored

to serve those values. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (Judicial documents are entitled to a presumption of access, which may be rebutted with "specific, on the record findings ... that closure is essential to preserve higher values and is narrowly tailored to serve that interest") see also Tehrani v. Town of Oyster Bay Hous. Auth., No. 18CV2450BMCLB, 2019 WL 1559425, at *6 (E.D.N.Y. Apr. 10, 2019).

When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008). Some factors to consider when determining whether plaintiff may maintain action under pseudonym include: (1) whether litigation involves matters that are highly sensitive and of personal nature; (2) whether identification poses risk of retaliatory harm to party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and likely severity of those harms; (4) whether plaintiff is particularly vulnerable to possible harms of disclosure; (5) whether suit is challenging actions of government or that of private parties; (6) whether defendant is prejudiced by allowing plaintiff to press claims anonymously; (7) whether plaintiff's identity has thus far been kept confidential; (8) whether public's interest in litigation is furthered by requiring plaintiff to disclose his identity; (9) whether, because of the purely legal nature of issues presented or otherwise, there is atypically weak public interest in knowing litigants' identities; and (10) whether there are any alternative mechanisms for protecting confidentiality of plaintiff. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008).

Plaintiff Jane Doe's right to confidentiality concerning her status as a domestic violence victim and the details thereof preserves the high values that the New York State Human Rights

...

Law (NYSHRL) and Title VII of the Civil Rights Act were meant to protect, namely protection from discrimination based on a protected status. Requiring a domestic violence victim to disclose their status publicly in order to protect its confidentiality would render these protections toothless. If the Plaintiff must publicize her domestic violence status and the sensitive details of her case to seek legal redress, it directly contradicts the confidentiality protections intended by NYSHRL - (§ 296 [22] [c] [1]); (d) To the extent allowed by law, employers shall maintain the confidentiality of any information regarding an employee's status as a victim of domestic violence.

    a.  **Factor 1: Highly Sensitive and Personal Nature of the Matters Involved**

The complaint delineates instances of disability discrimination, domestic violence victim discrimination, hostile work environment, and retaliation. These matters are intrinsically sensitive and deeply personal, relating directly to Ms. Doe's health and safety. The allegations involve Ms. Doe's status as a domestic violence victim—a matter of an exceedingly private and delicate nature. The public disclosure of such information could have implications for Ms. Doe's privacy and emotional well-being.

    b.  **Factor 3 and 4: Plaintiff's Vulnerability to Possible Harms of Disclosure and Identification**

Ms. Doe's situation as described in the complaint illustrates her particular vulnerability to the harms of disclosure. The allegations include that her domestic violence victim status was inappropriately disclosed by the Defendants, exacerbating her psychological trauma and potentially compromising her safety. Proceeding without anonymity could expose Ms. Doe to further harassment or even physical danger, not to mention the exacerbation of her existing emotional distress.

The Complaint alleges that the Defendants, including the City of New York and the sealed defendants, repeatedly and unlawfully disclosed Plaintiff's confidential information, causing significant emotional and psychological distress. Specifically, the Complaint states that Defendant SEALED DEFENDANT TWO "further retaliated against JANE DOE's request by unnecessarily disclosing Plaintiff's domestic violence victim status to multiple Defendants' staff members and even individuals outside the office." [*Complaint, ¶36*]. Moreover, the Complaint details how the Defendants failed to protect Plaintiff's identity and status as a domestic violence victim, which exacerbated her vulnerability and created a hostile work environment. [*Complaint, ¶46*]. The actions of the Defendants led to severe emotional distress, anxiety, and other psychological impacts on the Plaintiff. [*Complaint, ¶48*]. Given her described conditions—severe anxiety, panic attacks, and other health issues directly related to her experiences of domestic violence—Ms. Doe is especially susceptible to the adverse effects of additional violation of her privacy.

In light of these considerations, sealing the case is not only justified but necessary to protect Ms. Doe from further harm and to preserve the highly sensitive issues at hand.

### c. Factor 6: Whether Defendant is Prejudiced by Allowing Plaintiff to Press Claims Anonymously

The anonymity of the Plaintiff, in this case, does not obscure the facts, allegations, or legal principles at issue; it merely serves to protect the Plaintiff from the ancillary harm that public identification could inflict. Allowing the case to proceed without concealing Ms. Doe's identity risks compounding the very harms that form the crux of her lawsuit against the Defendants. The complaint meticulously outlines instances where the Defendants are accused of disseminating sensitive information about Ms. Doe's status as a victim of domestic violence.

7

This unauthorized sharing of her private information not only breached her privacy but also exposed her to potential danger and psychological harm. By mandating that Ms. Doe proceed publicly, the public docket could inadvertently mirror these violations, amplifying the distress and risks she faces rather than mitigating them.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff's motion for an order: (1) sealing the entire case and docket pursuant to this Court's discretion and allowing the Docket in this lawsuit to remain sealed indefinably; and (2) for such other and further relieve as this Court deems necessary.

Dated: May 28, 2024

Joshua Gittleman, Esq.
DeTOFFOL & GITTLEMAN, Attorneys At Law
125 Maiden Lane, Suite 5C
New York, New York 10038
Attorneys for the Plaintiff
Tel. (212) 962-2220