```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
JANE DOE,                                                     :
                                                              :
                              Plaintiff,                      :   1:24-cv-3133-GHW
                                                              :
              -against -                                      :   MEMORANDUM OPINION &
                                                              :   ORDER
THE CITY OF NEW YORK, SEALED                                  :
DEFENANT ONE, and SEALED                                      :
DEFENDANT TWO,                                                :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

One distinguishing facet of the American legal system is its commitment to public access to the trial process. This legacy of "open justice" is as old as America itself. *See, e.g., Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 590 (1980) (Brennan, J., concurring). The plaintiff in this action asks that the Court deviate from that legacy and to permit her to litigate her case under seal in complete secrecy. Because the plaintiff has not overcome the strong presumption to public access that attaches to judicial documents—including her complaint and the existence of the case itself—her motion to seal the case is DENIED.

### I.   BACKGROUND

On April 19, 2024, Plaintiff made an application to the Part I judge on duty in this District for leave to file her complaint under seal. MC Dkt. No. 1.[1] In the alternative, she requested leave to "file the complaint under a pseudonym and with necessary redactions to protect her identity." *Id.* at 1. She supported that application with a memorandum of law and a proposed form of redacted complaint in the event that the Court declined to grant her leave to file the case under seal in its

---

[1] "MC Dkt. No." refers to docket entries in the miscellaneous matter numbered 1:24-mc-186.

entirety. Dkt. Nos. 1-2, 1-3.

In a summary order issued on April 22, 2024, Judge John G. Koeltl, the judge presiding in Part I, denied the plaintiff's motion to seal the case in its entirety, but granted her leave to proceed under a pseudonym and permitted limited redactions to the complaint. Judge Koeltl's order read in full as follows: "The plaintiff may file the complaint under a pseudonym and with necessary redactions without prejudice to any rulings by the judge to whom this case is assigned." MC Dkt. No. 3. Two points are worthy of note with respect to Judge Koeltl's order. First, the order expressly recognized that the assigned judge would reconsider the application. And second, the order did not review each of the proposed redactions to the complaint; nor did it expressly permit the plaintiff to leave two of the defendants unnamed. Instead, the order concluded without analysis that "necessary redactions" could be made.

Two days later, on April 24, 2024, the plaintiff filed this action. Dkt. No. 1. In her complaint, the plaintiff asserts claims of discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act, as well as a series of claims under New York State and New York City law. In the complaint, the plaintiff describes her status as a victim of domestic violence, and asserts that the defendants failed, among other things, "to address the harassment stemming from [her] domestic violence victim status." *Id.* ¶ 32. And she describes certain of her health conditions—principally her "anxiety-triggered acid reflux," which, she asserts, the defendants failed to accommodate. *Id.* ¶ 33.

The defendants are alleged to be the plaintiff's employers, and to be responsible for the discrimination that the plaintiff experienced. The complaint does not identify two of the defendants. Each is instead described as a "Sealed Defendant." The first of those defendants is described in the publicly filed version of the complaint as a municipal entity—a part of the government of the City of New York. *Id.* ¶ 3. That defendant is, in fact, the New York City

2

Council. The second defendant is described in the publicly filed version of the complaint as ". . . serving the communities . . . in . . . ." *Id.* ¶ 4. So the public already knows that the defendant works in public service. In fact, this undisclosed defendant is an elected member of the New York City Council.

The complaint contains a number of redactions. Those redactions obscure the identity of the office for which the plaintiff worked, and her job position and responsibilities. *See, e.g., id.* ¶¶ 17–22, 24, 25, 27, 30, 34, 35, 37–40. The redactions also protect the identity of one of the actors who allegedly discriminated against her—namely, the elected public official who the plaintiff wishes to be known only as "Sealed Defendant 2." *See id.* ¶¶ 27, 30, 34, 37.

On May 21, 2024, the plaintiff filed a pre-motion letter, seeking leave to file another motion to file the case in its entirety under seal. Dkt. No. 4. The same day, the Court granted the plaintiff leave to file such a motion. Dkt. No. 5. In that order, the Court noted the following: "Separately, the Court is evaluating Judge Koeltl's order regarding Plaintiff's use of a pseudonym and related redactions. If Plaintiff wishes to present any supplemental briefing in support of her request to pursue this action under a ps[eu]donym or to permit the redactions authorized by Judge Koeltl's provisional order, such briefing should be included in the same submission . . . ." *Id.*

The plaintiff filed that motion on May 28, 2024. Dkt. No. 6; Dkt. No. 6-4 ("Mem."). In her motion, the plaintiff argues that she should be permitted to pursue this litigation under seal in its entirety. She contends that public litigation of the case will further expose sensitive details about her life: "[i]f this case is not permitted to be filed completely under seal, there is a substantial risk of further harm to Ms. Doe by exposing sensitive details to the public, mirroring the very violations at the lawsuit's core—where Defendants are accused of, among other things, improperly disseminating Ms. Doe's domestic violence status." *Id.* at 2.

The plaintiff's motion recognizes that a presumption of public access applies to all judicial

3

documents. Mem. at 5–6. However, her briefing does not apply the test articulated by the Second Circuit to determine whether the presumption of public access to judicial documents has been overcome. *See, e.g., Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Instead, her brief is structured around a review of the factors articulated by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), in order for a court to determine whether a party should be permitted to maintain an action under a pseudonym. *Id.* at 5–8. The Court has considered the substantive arguments presented by the plaintiff in that framework to analyze whether the case should proceed under seal. The plaintiff's briefing does not directly justify the proposed redactions to the complaint or her request that two of the defendants remain unnamed. However, the Court understands that she wishes to redact that information from the public docket because identifying this as a case about the conduct of an elected official will focus more attention on her case, and because disclosure of the identity of her employer and workplace will make it more likely that her identity will be revealed.

## II. LEGAL STANDARD

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–21 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir.

1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (requiring that a court make specific, rigorous findings before sealing a document or otherwise denying public access). Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise

5

of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

### III. ANALYSIS

#### A. The Case Should Not Be Sealed in Its Entirety

The plaintiff has failed to meet her burden to show that this case as a whole should be sealed. "[S]ealing an entire case file is a last resort." *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 604 (S.D.N.Y. 2011) (quoting Judicial Conference of the United States, Judicial Conference Policy on Sealed Cases (Sept. 13, 2011)).

Step one of the Circuit's test is easily satisfied: the information the plaintiff wants to seal consists of the entire case file, including her complaint. A complaint is obviously a judicial document that is both "relevant to the performance of the judicial function and useful in the judicial process[.]" *Amodeo*, 44 F.3d at 145. As the Second Circuit explained in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,

> Pleadings plainly meet the Newsday test for reasons that are readily apparent. "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." Moreover, in commencing an action and thus invoking the court's jurisdiction, the parties' substantive legal rights and duties may be affected. For example, "a large number of lawsuits . . . are disposed of at the motion-to-dismiss stage, where a court determines solely on the basis of the complaint whether the plaintiff has made sufficient factual allegations to state a claim." The filing of a complaint triggers other legal consequences as well.

814 F.3d at 140 (citations omitted). And the plaintiff's request goes well beyond the complaint alone—she has requested that all future documents created by the parties or the Court in this case be sealed. Step one of the test is readily satisfied.

With respect to step two, the presumption of public access to the information the plaintiff

6

seeks to shield from the public has extraordinarily substantial weight. The plaintiff is seeking to shield from the public everything about this case—including all future decisions by the Court, and presumably, should it reach that point, its trial. *Cf. Amodeo*, 71 F.3d at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 Civ. 8958 (JFK), 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (document's "irrelevance to the issues before the Court . . . places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption"). The public cannot evaluate the case without having any awareness of its proceedings. Step two weighs heavily against the plaintiff's request to seal the case as a whole.

Step three of the Circuit's test requires that the Court consider the countervailing interests that weigh against public disclosure. The plaintiff's privacy interests do not justify sealing the case in its entirety. Simply put, she has not proffered sufficient facts to support the sealing of this case. The Court is empathetic to her concerns, but they do not justify permitting her to litigate her case in secret—as a special exception to the many other plaintiffs who pursue their discrimination and disability cases in the public eye.[2]

### B. The Redactions to the Complaint Are Not Justified

The plaintiff has redacted from the complaint information that (1) identifies two of the defendants, including their names on the caption of the case, and (2) identifies her place of work. The plaintiff has not made a sufficiently substantial showing to justify sealing that information in the complaint.

---

[2] Moreover, any privacy needs are attenuated now, given that the complaint has already been filed on the public docket for over a month. The publicly filed complaint describes the nature of the alleged conduct, including the plaintiff's alleged disability and identifies the City of New York as one of the defendants. Sealing the complaint at this stage after it, and the plaintiff's personal information, has already been made public is even less tenable.

As described above, step one of the test described in *Mirlis* is readily met. The information that the plaintiff seeks to redact is included in her complaint, which is clearly a judicial document.

The information that the plaintiff seeks to redact also has very substantial weight. "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Mirlis*, 952 F.3d at 59 (quoting *Amodeo*, 71 F.3d at 1049). It is important for this purpose for the public to have access to the identity of the defendants. That is particularly so here because the defendants are a governmental entity and an elected representative. The public has a substantial interest in alleged misconduct by such defendants. And awareness of the identity of the defendants has substantial value to those monitoring the federal courts to ensure that such defendants receive equal treatment under the law. Therefore, the weight of the presumption is high.

Finally, the plaintiff has not identified countervailing interests with sufficient weight to overcome the presumption of public access to that information. She has proffered few specific facts to support her request; she relies largely on generalized concerns regarding her privacy and the potential impact on her of disclosure of the case as a whole. The Court recognizes the plaintiff's privacy interests, and that the allegations in this case involve sensitive, personal matters. And the Court has considered that the disclosure of the identity of the defendants that she has named in this case is likely to enhance the attention on her case. The Court is not at this point on its own initiative reexamining Judge Koeltl's decision to permit the plaintiff to litigate this case under a pseudonym, which safeguards her privacy to a meaningful extent.[3] At the same time, the Court recognizes that by identifying her employer, and place of work, it is more likely that a researcher would be able to ascertain her identity.

---

[3] The Court is not revisiting this decision on its own initiative at this point, but it may do so on motion or at a later stage of the case.

The Court has weighed the facts and arguments presented to it by the plaintiff. But these considerations do not outweigh the long-standing presumption that litigation in publicly funded federal courts will be conducted in public. The effect of granting the plaintiff's motion in this context would be not only to protect the plaintiff's privacy interests, but also the defendants from public exposure regarding their alleged misconduct. A reasonable balance of the competing interests of the public in this case and its proceedings and the plaintiff's privacy interests is struck by permitting the plaintiff to continue to maintain the action under a pseudonym at this time, while rejecting her other redactions to the complaint. In sum, the plaintiff has not provided the Court with sufficient justification to warrant overcoming the strong presumption of public access to the information contained in her complaint. Therefore, the Court rejects the plaintiff's redactions to the complaint, including those redactions that obscure the identities of two of the defendants.

## IV. CONCLUSION

Because the plaintiff has not rebutted the presumption of public access, her motion to seal this case in its entirety is denied. Moreover, her request to seal the names of two of the defendants is denied, and the Court rejects the redactions to the complaint that obscure the place of her work and the alleged conduct by her employer. The plaintiff must file an amended complaint naming those defendants and omitting those redactions no later than July 24, 2024. The plaintiff may continue to use a pseudonym to identify herself in that filing.

The Court authorized the plaintiff to file a motion to seal the case. But it did not authorize the plaintiff to file that motion under seal. Accordingly, the Court expects to issue a separate order directing the Clerk of Court to make the documents filed on the docket at Dkt. No. 6 visible to the public on July 26, 2024. To the extent that the plaintiff wishes to propose targeted redactions to those submissions, she must do so no later than July 24, 2024.

The plaintiff is directed to serve a copy of this order on the defendants and to retain proof of service.

SO ORDERED.

Dated: July 17, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge